ELLEN M. VEDDER, RESPONDENT, v. OLIVER R. LANSING, APPELLANT.

*Issue of execution upon a judgment recovered in a Justice's Court and docketed in two counties — execution may be issued by the clerk of either county.*

On January 29, 1876, the plaintiff recovered a judgment against the defendant for $200, a transcript of which was filed and the judgment docketed in the Fulton county clerk's office on January 29, 1876. On February 1, 1876, a transcript of the Fulton county judgment was filed and the judgment was docketed in Saratoga county. The county judge of Fulton county having, in 1886, made an order permitting the plaintiff to issue execution upon the said judgment, an execution was, on August second of that year, issued by the county clerk of Fulton county to the sheriff of Saratoga county, the county in which the judgment debtor resided.

*Held*, that the Fulton county judge could make the order, and the Fulton county clerk could issue the execution, although it might have been properly issued by the Saratoga county clerk. (LEARNED, P. J., dissenting.)

APPEAL from an order of the Fulton county judge, denying a motion made to vacate an order made by him requiring the defendant to answer upon examination before a referee concerning his property. Plaintiff obtained judgment against the defendant before a justice of the peace of Fulton County January 29, 1876, for $200. A transcript was filed, and the judgment docketed in the Fulton county clerk's office January 29, 1876. A transcript of

the Fulton county judgment was filed, and the judgment was docketed in the Saratoga county clerk's office February 1, 1876. The affidavit upon which the order for examination was granted recites that an execution against the property of the judgment debtor was duly issued August 2, 1886, out of the Fulton County Court and delivered to the sheriff of Saratoga county, the county in which the judgment debtor resided ; that the judgment debtor has property which he unjustly refuses to apply upon the judgment.

It did not appear upon the motion that any order had been granted allowing execution to issue in 1886, but a certified copy of such an order made by the county judge of Fulton county was presented upon the argument in this court.

*Emmett Blair*, for the appellant.

*John M. Gardner*, for the respondent.

LANDON, J. :

The justice's judgment became a judgment of the Fulton County Court. (Code Civil Pro., § 3017.) When the transcript was filed and the judgment docketed in Saratoga county, it had the like effect with respect to the enforcement thereof, as if it had been rendered by a justice of the peace of the latter county, except that application for leave to issue an execution would need to be made in the Fulton County Court. (Sec. 3022.) The county clerk issues the execution. (Sec. 3017.) The execution was properly issuable by the Saratoga county clerk. (Secs. 3022, 3043), and was returnable to his office. (Sec. 1367.) But the Fulton county clerk might also issue it. (Sec. 347.) This order was made under section 2436. The Fulton county judge could make it. (Sec. 772.) The objection that there was no order for leave to issue the execution in 1886, is now obviated by the presentation of the order granting leave. As it appeared from the affidavit that more than five years had elapsed before the issuing of the execution, the affidavit was no doubt defective in not showing leave granted. (*Hutson* v. *Weld*, 38 Hun, 142.)

The order should be affirmed, but without costs.

MAYHAM, J., concurred.

LEARNED, P. J. (dissenting):

It seems to me that sections 3022, 3043 show that the execution should have been issued by the clerk of Saratoga county to the sheriff of that county, and not by the clerk of Fulton county. I do not think that the general language of section 347 should be construed to affect these sections subsequently passed and having a special reference to the matter in question. The Code of Procedure (§ 64, sub. 13) was to the same effect, and it is improbable that it was intended that an execution, in such a case as this, might be issued by either of two county clerks.

Further, what official knowledge would the clerk of Fulton county have of the fact that the transcript had been filed and the judgment docketed in Saratoga county, and of the time of such docketing and filing? If a county clerk is to issue an execution (as he must in the case of a justice's judgment), he must have official knowledge of the facts which are to be stated in the execution. And that the clerk of Fulton county could not have had, when he issued an execution to the county of Saratoga, based upon the docketing of the judgment in Saratoga county. There is nothing in section 1665 which helps the plaintiff. I do not think there is any other defect in the proceedings. But this appears to be fatal.

The order should be reversed and the order to examine defendant set aside, but without costs.

Order affirmed, without costs.